Clark v. Bond.

## D. A. CLARK v. JOHN BOND.

1. EXEMPTIONS. Under our statutes, the head of a family engaged in agriculture is entitled to claim and have set apart to him, as exempt from execution, two horses, or a mule and a horse, and such a person has the right to select from among his stock which two he will claim as exempt, which selection the officer having the execution is bound to respect.

2. FACTS. What facts will constitute, on the part of the execution debtor, a selection, discussed.

3. EXECUTION. Affidavit by the judgment creditor, that "if execution was not issued instanter the debt would be lost," is not sufficient, under Code, secs. 3009, 3011, to warrant the justice in issuing execution before the expiration of two days from the date of the judgment.

Code cited: Secs. 3009, 3011.

4. SAME. *Officer. Protection to.* An execution which shows upon its face that it was unlawfully and improperly issued does not protect the officer who executes it; *aliter,* if the execution be regular and valid upon its face, although the judgment upon which it issued is invalid.

Cases cited: Etheridge v. Edwards, 1 Swan, 426; Mason v. Vance, 1 Sneed, 180; Esselman v. Wells, 8 Hum., 487.

---

FROM HAYWOOD.

---

Appeal from the Circuit Court. G. B. BLACK, Judge.

H. B. FOLK for complainant.

LEA & LIVINGSTON for defendant.

DEADERICK, J., delivered the opinion of the court.

Clark *v.* Bond.

This is an appeal by plaintiff in error from a judgment of the Circuit Court of Haywood county.

Dance and Clark obtained a judgment on December 24, 1869, against Bond before Thomas, a justice of the peace of Haywood county for one hundred and thirty-five dollars. Upon the same day the justice issued execution upon the judgment, reciting in the execution that " plaintiff Clark having made oath according to law that if execution was not issued instanter the debt would be lost."

This execution was levied December 27, 1869, by plaintiff in error, a constable of said county, on one bay horse and one mule, as the property of Bond.

On the next day Bond issued a writ of replevin, which was executed by summoning the plaintiff in error, Clark, to appear before Thomas, a justice, and taking and delivering the property to Bond.

Upon the trial the justice gave judgment for Bond, and the defendant appealed to the Circuit Court.

Upon the trial in the Circuit Court, Clark produced in evidence the execution from the justice, as well as the warrant and judgment, which were objected to severally, and admitted by the court.

The proof shows that the defendant in the execution had, beside the mule and horse levied on, a mare and colt, an old horse, and an old pony; but that these were not his work animals, and were of but little value, especially the old horse and pony. They were poor and worn out, and were not used for farming purposes, and that the mare was not a work animal.

19—VOL. 7.

The constable stated that he would levy upon the bay horse and mule, that the others were worthless. Defendant objected to this, saying, that "if he took that stock he could not turn a wheel, that the horse and mule were his sole dependence, that the rest of his stock was of no account, and would not work." This was about the substance of what was said between Bond and the officer, as proved by several witnesses. The officer, however, took the bay horse and mule, under his levy. Bond is the head of a family, and was engaged in agriculture.

Two questions have been discussed.

1st. Whether the facts stated constitute, on the part of the execution debtor, a selection by him of the horse and mule levied on.

Under our statutes he was entitled to claim and set apart two horses, or a mule and a horse, as exempt from execution. Although he did not, in terms, state to the officer that he claimed the two animals levied on as exempt from execution, yet he, in unmistakable language, objected to his taking them, telling him the horse and mule were his sole dependence, and if he took them he could not turn a wheel, as his other stock would not work. Such language quite as clearly indicates his desire to retain the two animals levied on as if he had said, I wish to keep these two, and in view of the purposes and policy of the statutes of exemption, we think sufficiently indicate his purpose to claim the bay horse and mule.

2d. It is insisted that the court erred in saying

Clark *v.* Bond.

to the jury that the execution would not justify the defendant in taking the horse and mule.

Upon its face the execution showed that it was issued upon the same day upon which the judgment was rendered. By secs. 3009, 3011, justices may issue executions immediately after judgments, and before the expiration of the time allowed by law for the stay of executions, upon the affidavit of the plaintiff, his agent or attorney, that the defendant is about fraudulently to dispose of, conceal, or remove his property, to the endangering of plaintiff's debt.

It is true that an officer is protected in the levy of an execution, without reference to the validity of the judgment upon which . it issued, if the execution itself be regular and valid upon its face : 1 Swan, 426 ; 1 Sneed, 180.

The justice having the authority to issue executions in the cases provided for in the statute, it might be presumed the issuance was within the provisions of the statute, if nothing appeared upon its face to the contrary : 8 Hum., 487.

But in this case the execution upon its face showed that it was issued upon the same day the judgment was rendered because the plaintiff made affidavit that his debt would be lost if the execution was not issued instanter.

This was no legal reason for the ssuance of the execution, and it contained upon its face notice to the officer to whom it was issued that it was issued contrary to law, and was therefore no protection to him. It would have been otherwise if the execution had

been valid and regular upon its face. In the latter case, although the judgment was erroneous, void, or paid, the execution being regular on its face, the officer cannot be required to go behind that writ to ascertain if the previous proceedings were valid.

We think there is no error in the judgment, and affirm it.